IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00920-WYD-MEH

BRET WIGHTMAN,

    Plaintiff,

v.

BJ SERVICES COMPANY, U.S.A.,

    Defendant.

## PROTECTIVE ORDER

    THIS MATTER comes before the Court on the stipulated motion of the parties for entry of a Protective Order concerning the treatment of Confidential Information in this litigation. The Court, being fully advised, HEREBY ORDERS that the Motion is GRANTED. Confidential Information (as defined below) produced in the course of this litigation will be subject to the following terms:

    1.    Certain information that each of the parties (each of whom shall be referred to as the "Producing Party") will provide to the other party (each of whom shall be referred to as the "Recipient Party") pursuant to Federal Rule of Civil Procedure 26 and in discovery and in depositions contains sensitive confidential and proprietary information relating to Plaintiff's medical history, Defendant's business, or confidential information concerning current or former employees of Defendant ("Confidential Information"). Confidential Information includes, but is not limited to, personal information regarding Plaintiff's medical records, information relating to

Defendant's customers and Defendant's trade secrets, information relating to current or former employees, payroll and compensation information, commercial information not available to Defendant's competitors, and information not publicly disseminated outside of Defendant. It is the position of each party that the disclosure of such information outside the scope of this litigation could result in significant injury to its or her legitimate personal or business interests.

2. The Producing Party will stamp the word "Confidential" on all documents he or it deems in good faith to contain Confidential Information that are produced in discovery or pursuant to Rule 26 and next to the response to any interrogatory or request for admission that the Producing Party deems to contain Confidential Information.

3. To the extent that the disclosure of Confidential Information is required in the course of depositions, the parties agree to utilize the following procedure:

    a. Any individuals not authorized under the terms of this Order to receive Confidential Information will be excluded from the room in which the deposition is conducted while Confidential Information is being discussed;

    b. The portions of the deposition identified by the parties as involving confidential information will be so designated by the reporter and will be subject to the terms of this Order.

4. Confidential Information produced by the Producing Party can be reviewed only by the Recipient Party; the Recipient party's counsel of record; the Recipient Party's counsel's paralegal, secretarial and clerical employees who are assisting in the preparation and trial or appeal of this action; witnesses or potential witnesses in this litigation; expert witnesses retained to assist either of the parties in this litigation; court reporters and other persons involved in

recording deposition testimony in this litigation; employees of copying and/or microfilming services who are involved with providing copying or microfilming services to counsel for any party to this litigation; the Court and any persons employed by the Court whose duties require access to any confidential material; and any other individual authorized by the Producing Party or the Court.  The Recipient Party must provide a copy of this Order to any individual to whom Confidential Information is disclosed and each such individual will be bound by this Order.  No party or employee of a party, nor any witness or expert will be permitted to review Confidential Information until that person has signed a non-disclosure agreement in the form attached hereto as Exhibit "A," certifying that he or she has received a copy of this Order and agrees to be bound by its terms.  Individuals authorized to review Confidential Information shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by the Producing Party or by court order.  Confidential Information may be used by the Recipient Party, its or her counsel, witnesses or potential witnesses, and expert witnesses solely in connection with this litigation.

   5.  A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the

motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

6. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any pretrial proceedings or as evidence at trial, the information shall be filed in accordance with the requirements of D.C. Colo. LCivR 7.2

7. At the conclusion of this litigation and any appeals associated therein, Confidential Information shall be handled in the manner prescribed in this paragraph 7. The Recipient party's counsel will collect all extracts, abstracts, charts, summaries, notes or copies made from Confidential Information and shall obtain from each recipient an affidavit in the form of Exhibit B attached hereto. The Recipient Party will have the option of immediately returning to the Producing Party all Confidential Information provided to the Recipient Party, including all extracts, abstracts, charts, summaries, notes or copies that have been prepared by the Recipient Party, its or her counsel or experts, and the portions of all transcripts of depositions and testimony that contain specific discussion of Confidential Information or certifying to Defendant that she or it has collected all such Confidential Information and destroyed all copies thereof. The Recipient Party's counsel shall confirm in writing that they have complied with the requirements of this paragraph 7.

8. The Producing Party shall have all rights and remedies provided by law for breach of the terms of this Protective Order.

9.  This Order shall govern any Confidential Information disclosed in the course of any alternate dispute resolution associated with this case, including but not limited to mediation and arbitration.

GRANTED this 24th day of August, 2009, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

## EXHIBIT "A"

## NONDISCLOSURE AGREEMENT

I hereby acknowledge that I have read the Protective Order relating to Confidential Information entered in *Bret Wightman v. BJ Services Company, U.S.A.*, Civil Action No. 1:09-CV-920, and agree to be bound by its terms.

_____
Signature

_____
Type or print name

_____
Address

_____

_____
Date

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-CV-920-WYD-MEH

BRET WIGHTMAN,

    Plaintiff,

v.

BJ SERVICES COMPANY, U.S.A.,

    Defendant.

**AFFIDAVIT**

STATE OF _____    )
                               ) ss.
COUNTY OF _____     )

    I, _____, being first duly sworn, depose and state as follows:

    1.    During the course of this civil action I received Confidential Information as that term is defined in the Protective Order entered by the Court dated _____, 2009.

    2.    Concurrently with this Affidavit, I have returned all Confidential Information, including all copies and any summaries, extracts, paraphrases or characterizations containing or referring to Confidential Information to the other party to this case or its or his counsel of record.

    3.    Except in accordance with the above-referenced Protective Order, I have not either personally or through any representatives kept or maintained any Confidential Information or any copies or summaries, extracts, paraphrases or characterizations containing or referring to Confidential Information.

_____
Signature

The foregoing Affidavit was acknowledged, subscribed, and sworn to before me this ___ day of _____, by _____.

_____
Notary Public

[SEAL]                My Commission Expires: _____